| | |
|---|---|
| BOBBY WILLIAMS, on behalf of minor child E.W., ) ) ) Plaintiff, ) ) v. ) ) WAKE COUNTY PUBLIC ) SCHOOL SYSTEM et al., ) ) Defendants. ) | **ORDER** |

Pro se plaintiff Bobby Williams ("Williams") seeks damages and injunctive relief in this 42 U.S.C. § 1983 action on behalf of his minor child ("E.W.") for alleged violations of E.W.'s Fourth and Fourteenth Amendment rights under the United States Constitution. According to the amended complaint, defendant Cassie Bricker, a teacher at Fuquay-Varina Middle School, wrongfully accused E.W. of being in possession of stolen property and unlawfully permitted other students to search E.W.'s book bag, jacket, and binder. See Am. Compl. ¶¶ 4–7. E.W. denied Bricker's accusations, yet Bricker and defendants Kenneth Scott, Mark Holley, and the Wake County Public School System alleged that E.W. committed larceny. Id. ¶ 10. Due to the alleged larceny, E.W. was suspended from school for 10 days without a hearing and faced a possible long-term suspension. Id. ¶¶ 14, 22. Further, according to the amended complaint, defendant Scott failed to provide E.W. witness statements against him, concealed other critical exculpatory evidence, and denied E.W.'s request to have a parent present during his interview. See id. ¶¶ 15–17, 23–25. The amended complaint also alleges malicious prosecution and retaliation claims, and that the review panel upheld E.W.'s suspension without the process of law. See id. ¶¶ 1, 11, 19, 22–25.

An individual has the right to conduct a case pro se in federal court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel...."). However, the right to conduct one's own case does not give one a right to litigate on behalf of another. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (holding that a pro se prisoner could not litigate the rights of fellow prisoners). "The reasoning behind this rule is two-fold: it protects the rights of those before the court and jealously guards the judiciary's authority to govern those who practice in its courtrooms." Myers v. Loudoun County Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005) (citations omitted).

In Myers v. Loudoun County Public Schools, a non-attorney parent filed a section 1983 claim on behalf of his minor children for alleged violations of their constitutional rights under the Establishment Clause. See id. at 398–99. The Fourth Circuit held that "non-attorney parents generally may not litigate the claims of their minor children in federal court." Id. at 401.[1] This rule ensures that a child's interest is not prejudiced by a "well-meaning, but legally untrained" parent. See id.

Accordingly, plaintiff Williams is not permitted to litigate pro se on behalf of his minor child E.W. Defendants' motion to dismiss the amended complaint [D.E. 23] is GRANTED, and the amended complaint is DISMISSED without prejudice.

SO ORDERED. This **20** day of June 2008.

JAMES C. DEVER III
United States District Judge

---

[1] The Myers court stated that an exception to this rule may include an appeal from the denial of Supplemental Security Income benefits. Myers, 418 F.3d at 401 n.7. That exception does not apply here.

2

Case 5:08-cv-00092-D   Document 29   Filed 06/20/08   Page 2 of 2